UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEBORAH A. M.[1], | ) |
|         Plaintiff, | ) ) ) |
| v. | ) Case No. 1:21-cv-13 ) |
| KILOLO KIJAKAZI[2], acting Commissioner of Social Security, | ) ) ) ) |
|         Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Deborah M., on January 13, 2021. For the following reasons, the decision of the Commissioner is **REMANDED.**

*Background*

The plaintiff, Deborah M., filed applications for Disability Insurance Benefits and Supplemental Security Income on December 19, 2018, alleging a disability onset date of December 1, 2018. (Tr. 15). The Disability Determination Bureau denied Deborah M.'s applications initially on April 30, 2019, and again upon reconsideration on July 2, 2019. (Tr. 15). Deborah M. subsequently filed a timely request for a hearing on July 23, 2019. (Tr. 15). A hearing was held on May 11, 2020, before Administrative Law Judge (ALJ) Kathleen Winters, via telephone due to the Coronavirus pandemic. (Tr. 15). However, due to a malfunction with

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Andrew M. Saul was the original Defendant in this case. He was sued in his capacity as a public officer. On July 9, 2021, Kilolo Kijakazi became the acting Commissioner of Social Security. Pursuant to **Federal Rule of Civil Procedure 25(d)**, Kilolo Kijakazi has been automatically substituted as a party.

the recording equipment and with the consent of the claimant and her representative, a second hearing was held on May 29, 2020. (Tr. 15). Vocational Expert (VE) Marie Barhydt appeared at the hearing. (Tr. 185). The ALJ issued an unfavorable decision on June 24, 2020. (Tr. 15-25). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6).

First, the ALJ noted that Deborah M. met the insured status requirements of the Social Security Act through December 31, 2023. (Tr. 17). At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Deborah M. had not engaged in substantial gainful activity since December 1, 2018, her alleged onset date. (Tr. 17).

At step two, the ALJ determined that Deborah M. had the following severe impairments: degenerative joint disease of the bilateral hips, degenerative disc disease of the cervical and lumbar spine, idiopathic inflammatory bowel disease, fibromyalgia, and obesity. (Tr. 18). The ALJ found that the above medically determinable impairments significantly limited Deborah M.'s ability to perform basic work activities. (Tr. 18). Deborah M. also alleged a disability due to syncope, anxiety, and depression. (Tr. 18). However, the ALJ indicated that these caused no more than a minimal limitation on her ability to engage in basic work activities and were non-severe impairments. (Tr. 18).

At step three, the ALJ concluded that Deborah M. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 20-21). The ALJ found that no medical evidence indicated diagnostic findings that satisfied any listed impairment. (Tr. 21).

After consideration of the entire record, the ALJ then assessed Deborah M.'s residual

functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally climb stairs or ramps, can never kneel, crawl, or climb ladders, ropes, or scaffolds; must avoid all exposure to moving machinery and unprotected heights; and can balance commensurate with the activities outlined herein.

(Tr. 21). The ALJ explained that in considering Deborah M.'s symptoms she followed a two-step process. (Tr. 21). First, she determined whether there was an underlying medically determinable physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could be expected to produce Deborah M.'s pain or other symptoms. (Tr. 21). Then she evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limited Deborah M.'s functioning. (Tr. 21).

After considering the evidence, the ALJ found that Deborah M.'s medically determinable impairments reasonably could have caused some symptomology. (Tr. 22). However, she found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 22). The ALJ did not find any medical opinions to be persuasive in making her decision. (Tr. 24).

At step four, the ALJ found that Deborah M. was able to perform her past relevant work as an administration specialist. (Tr. 24). Therefore, the ALJ found that Deborah M. had not been under a disability, as defined in the Social Security Act, from December 1, 2018, through the date of her decision. (Tr. 25).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are

3

supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); ***Moore v. Colvin***, 743 F.3d 1118, 1120–21 (7th Cir. 2014); ***Bates v. Colvin***, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." ***Richardson v. Perales***, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting ***Consol. Edison Co. v. NLRB***, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); see ***Bates***, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. ***Roddy v. Astrue***, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." ***Lopez ex rel Lopez v. Barnhart***, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. § 404.1520**. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. § 404.1520(b)**. If she is, the claimant is not disabled, and the evaluation process is over. If she is not, the ALJ next addresses whether the

claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. § 404.1520(c)**; *see* ***Williams v. Colvin***, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. **20 C.F.R. § 404.1520(e)**. However, if the claimant shows that her impairment is so severe that she is unable to engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f);** *see* ***Biestek v. Berryhill,*** 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

      Deborah M. has requested that the court remand this matter for additional proceedings. In her appeal, Deborah M. has argued that the ALJ's RFC was not based upon substantial evidence. Specifically, she alleges that the ALJ erred in evaluating her subjective symptoms as required by SSR 16-3p and that the ALJ failed to address multiple limitations in the RFC analysis.

Of the two arguments, the court finds it necessary to address only the first. Deborah M. argues that the ALJ erred in analyzing her subjective symptoms. An ALJ's evaluation of subjective symptoms will be upheld unless it is patently wrong. *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012). Nevertheless, an ALJ must explain her evaluation with specific reasons that are supported by the record. *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). Under SSR 16-3p, 2016 SSR LEXIS 4, an ALJ must assess the claimant's subjective symptoms rather than assessing her "credibility."

The ALJ first must determine whether the claimant has a medically determinable impairment that reasonably could be expected to produce her symptoms. SSR 16-3p, 2016 SSR LEXIS 4, 2016 WL 1119029, at *2. Then, the ALJ must evaluate the "intensity, persistence, and functionally limiting effects of the individual's symptoms to determine the extent to which the symptoms affect the individual's ability to do basic work activities." SSR 16-3p, 2016 SSR LEXIS 4, 2016 WL 1119029, at *2. An individual's statements about the intensity and persistence of the pain may not be disregarded because they are not substantiated by objective medical evidence. SSR 16-3p, 2016 SSR LEXIS 4, 2016 WL 1119029 at *5. In determining the ability of the claimant to perform work-related activities, the ALJ must consider the entire case record, and the decision must contain specific reasons for the finding. SSR 163-p, s016 SSR LEXIS 4, 2016 WL 1119029, at *4, 9. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(i)  The individual's daily activities;

(ii) Location, duration, frequency, and intensity of pain or other symptoms;

(iii) Precipitating and aggravating factors;

      (iv)      Type, dosage, effectiveness, and side effects of any medication;

      (v)      Treatment, other than medication, for relief of pain or other symptoms;

      (vi)      Other measures taken to relieve pain or other symptoms;

      (vii)      Other factors concerning functional limitations due to pain or other symptoms.

*See* **20 C.F.R. § 404.1529(c)(3)**.

    The ALJ must justify her assessment with "specific reasons supported by the record." **Pepper v. Colvin**, 712 F.3d 351, 367 (7th Cir. 2013). Moreover, "the ALJ must explain her [subjective symptoms evaluation] in such a way that allows [the Court] to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record." **Murphy v. Colvin**, 759 F.3d 811, 816 (7th Cir. 2014); *see* SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304, at *10 (Oct. 25, 2017) (The ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms"). "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." **Ghiselli v. Colvin**, 837 F.3d 771, 777 (7th Cir. 2016); *see also* **Moore v. Colvin**, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain").

    In assessing Deborah M.'s subjective symptoms, the ALJ found that Deborah M.'s statements about the intensity, persistence, and limiting effects of her symptoms "[we]re

7

inconsistent because they [we]re not supported by the objective medical evidence or other evidence in the file." (Tr. 22). Deborah M. makes a passing statement regarding the ALJ's use of this boilerplate statement, asserting it was nonsensical. However, under SSR 16-3p, 2016 SSR LEXIS 4, the ALJ must "evaluate whether the statements are consistent with objective medical evidence and other evidence." SSR 16-3p, 2016 SSR LEXIS 4, 2016 WL 1119029, at *8, *see also* **20 C.F.R. §§ 404.1529(a), 416.929(a)**. Therefore, the use of the boilerplate statement "inconsistent" is not, alone, a basis for remand. *See* **Robert v. Berryhill**, 2018 U.S. Dist. LEXIS 162365, 2018 WL 4565385, at *7-8 (C.D. Ill. Sept. 24, 2018); *see generally* **Parker v. Astrue**, 597 F.3d 920 (7th Cir. 2010). The court looks to the totality of the ALJ's discussion of a claimant's subjective symptoms.

In finding Deborah M.'s subjective symptoms inconsistent with the medical record, the ALJ provided a listing of her imaging and neurology examinations. (Tr. 22). The ALJ also found that there was no indication in the medical record that Deborah M. was receiving monthly injections. (Tr. 22). The ALJ relied on notes which indicated that Deborah M.'s insurance refused to pay for injections until she completed six weeks of conservative treatment. (Tr. 22). The ALJ also noted that Dr. Goodstein stated that Deborah M. "[s]eem[ed] to have significant somatization. Almost every system was answered in the affirmative with essentially no objective supporting criteria." (Tr. 23, 649). The ALJ further stated that Deborah M. did not see a gastrointestinal specialist nor was she ever hospitalized for her conditions. (Tr. 23).

The ALJ provided very little discussion of Deborah M.'s subjective symptoms, and the analysis was given as single-sentence observations amidst a listing of the medical evidence. (Tr. 22-23). The ALJ is not permitted to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the

8

individual's symptoms are (or are not) supported or consistent." SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304, at *9.  The decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms.  SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304, at *9.

The ALJ did not provide any discussion as to which of Deborah M.'s symptoms were inconsistent with or not supported by the evidence.  A listing of the medical evidence "is no substitute for analysis or explanation." *Smith v. Astrue*, No. 09 CV 6210, 2011 U.S. Dist. LEXIS 17691, 2011 WL 722539, at *12 (N.D. Ill. Feb. 22, 2011).  The Commissioner asserts that the ALJ relied on Deborah M.'s medical evidence, her history of conservative treatment, and her daily activities.  However, the ALJ provided no analysis of how Deborah M.'s symptoms were contradicted or supported by the medical evidence and her treatments.  Instead, the ALJ simply listed her symptoms, followed by a listing of the medical evidence.  (Tr. 18-23).  The only analysis of her symptoms and their consistency with the medical evidence occurred in discussing Deborah M.'s non-severe impairments.  (Tr. 18).  However, Deborah M. is not alleging that the ALJ erred at step two.  She takes issue with the ALJ's treatment of her subjective symptoms in the RFC analysis, wherein the ALJ failed to explain how her symptoms were inconsistent with the medical evidence in the record.

The only analysis of Deborah M.'s statements being inconsistent with the medical evidence is the ALJ's repeated finding that the medical evidence showed no evidence of monthly injections for pain management.  (Tr. 22).  However, the ALJ noted that Deborah M. was receiving injections for her fibromyalgia (and arthritis) later in the analysis.  (Tr. 23).  Those injections occurred in January 2019, March 2019, and May 2019 (Tr. 612, 625, 632).  While they

did not occur monthly, the ALJ failed to acknowledge that they occurred consistently in 2019. The ALJ also noted that Deborah M. was not hospitalized to manage her gastrointestinal symptoms. (Tr. 23). The ALJ did not explain why or how Deborah M.'s impairments and subjective symptoms would require hospitalization. Without a sufficient explanation to build a logical bridge from Deborah M.'s symptoms to the ALJ's suggested need for hospitalizations to support her statements of pain, the Court cannot conduct a meaningful review. The ALJ provided no analysis of Deborah M.'s complaints of pain and how they were either consistent or inconsistent with the medical record.

Moreover, although the ALJ relied on one treatment note from Dr. Goodstein reporting likely somatization, (Tr. 23, 649), somatization does not indicate that a claimant is not experiencing symptoms. Somatization and somatoform disorders indicate that a person is experiencing physical ailments and symptoms that cause major emotional distress and problems functioning. https://www.mayoclinic.org/diseases-conditions/somatic-symptom-disorder/symptoms-causes/syc-20377776 (visited November 15, 2021). Somatization may occur when a person has a medical condition associated with those symptoms, but the "reaction to the symptoms is not normal," and can cause "significant emotional and physical distress." *Id.* Somatization does not indicate that a claimant is not suffering from pain or distress, but rather that the amount of pain and distress she is experiencing is not explained by the medical evidence. Dr. Goodstein's note regarding somatization indicated that he believed Deborah M. was experiencing symptoms and distress to the degree she stated, but that her distress did not correspond to the objective evidence. The ALJ's reliance on a single note from one of Deborah M.'s many physicians regarding somatization is in error, as it does not support her finding that Deborah M.'s symptoms were not as severe as she alleged.

The ALJ is required to provide "an 'accurate and logical bridge' between the evidence and his conclusions." **Roddy v. Astrue**, 705 F.3d 631, 636 (7th Cir. 2013) (citing **Craft v. Astrue**, 539 F.3d 668, 673 (7th Cir. 2008)). Since there is no bridge between the evidence in the record and the ALJ's conclusion that Deborah M.'s statements were not entirely consistent with the evidence, the court is left to guess which of Deborah M.'s statements were consistent with the medical evidence in the record. On remand, the ALJ should perform the required analysis under SSR 16-3p.

Deborah M. makes other arguments regarding the RFC analysis. However, because the ALJ erred in failing to properly analyze Deborah M.'s subjective symptoms, the court need not address the additional argument at this time. The ALJ will have the opportunity to revisit these other issues on remand.

Based on the foregoing reasons, the court recommends that the decision of the Commissioner be **REMANDED**.

ENTERED this 29th day of November, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge